(125 So. 204)

## REYNOLDS v. STATE. (4 Div. 571.)

Court of Appeals of Alabama. Dec. 17, 1929.

334

E. O. Baldwin, of Andalusia, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin Koonce, Asst. Atty. Gen., for the State.

RICE, J. Appellant was convicted of the offense denounced by Code 1923, § 3542—"causing dependency, neglect, or delinquency of children."

There appears in the record an affidavit made by Mrs. Lizzie Carnley before H. J. Brogden, judge of juvenile court of Covington county, purporting to charge this appellant with a violation of the terms of the Code section above referred to. Then follows a warrant of arrest issued by the said H. J. Brogden, judge, etc.

Next appears a "complaint" filed in the circuit court of Covington county by the solicitor of the Twenty-Second circuit, Hon. Robt. S. Reid.

The judgment entry, appearing in the record, recites that, in the circuit court, issue was joined on "defendant's plea of not guilty," etc.

■ The record fails to show that the "warrant of arrest," mentioned above, was ever executed, that appellant was ever "tried" in the juvenile court, that any appeal was taken from any judgment or decree of said juvenile court to the circuit court, or, in fact, that the circuit court, from the judgment in which this appeal is taken, acquired jurisdiction of the cause in the way prescribed by law. Code 1923, §§ 3542, 3544, 3546.

In this situation the judgment appealed from must be reversed and the cause remanded.

■ In the event of another trial, we might say that, as we read Code 1923, §§ 3542 and 3547, it is requisite to a valid complaint, in a prosecution of this kind, that the particular facts, acts, words conduct, omissions, etc., which it is contended causes accused to be guilty of the offense denounced by the said section 3542, must be set out in the said complaint.

And where, as in the instant case, the particularized allegations or specifications go no further in their effect than to charge the accused with having allowed the father of some minor children to give her presents of money and other articles of value, and perhaps to have sexual intercourse with her, we do not think the necessary elements of the offense described in Code 1923, § 3542, are set out, and it. is our opinion that demurrers, such as those appearing in the record in this case, should be sustained to such a complaint.

The judgment is reversed, and cause remanded.

Reversed and remanded.